BOUTDIN, J.,
delivered the opinion of the court.
The court deems it unnecessary in this case to consider and decide the question so earnestly and ably discussed at the bar, whether the devises of land in the will of William Kenny, Sr., to his sons, Robert and William Kenny, respectively, are so connected *with the bequests of slaves in remainder to the same legatees as to prevent them from rejecting the bequests of the slaves without at the same time surrendering their claim to the lands, on the principle invoked by the appellees, that a party cannot at the same time claim under and against a will; that he cannot accept in part and reject in part the same instrument, but must conform to its provisions throughout, or reject it altogether. There is no doubt about the general rule; but the question of its application to this case does not arise, as there has been here no rejection in fact of any of the provisions of the testator’s will.
It is very clear, on a just construction of the will, that the testator, after having bequeathed the slaves in question to his wife for life, bequeathed the same “after the death of his widow to the appellants, Robert Kenny and William Kenny, who were to pay each of the other children of the testator an equal proportionate part with the said appellants respectively of the value of said slaves,, viz: one-sixth part to each child,” such value to be ascertained as provided in the will. About this there can be no doubt, as the proposition announced is in the very words of this court when construing the will on a former appeal in the cause.
On the death then of the testator’s widow, the legatees, Robert and William Kenny, were entitled to the slaves on the terms of the will; and if they were willing to accept the legacies, it was their absolute and unqualified right to take immediate possession of the slaves and to hold the same as their own property without the intervention or assent of the executors, whose office in this respect was fully discharged when the slaves were delivered to the life tenant. The valuation of the slaves, and the payment by Robert and *William Kenny to their brother and sisters respectively, of their due proportions of such value in the mode and within the period prescribed by the testator were matters outside, and wholly independent of the title to the slaves. The title to the slaves passed to the legatees in remainder, by operation of law,' immediately on the death of the life tenant, unless rejected by them; and it was competent to them to signify their acceptance of the legacies by receiving and holding the slaves as their own property under the will while awaiting a valuation thereof. Such a course was convenient in itself, and could not result in any practical mischief. Whether they did so take and hold or not is purely a question of fact; and we think the affirmative is abundantly established by the evidence in the case. They took possession of the slaves, as they had a right to do, im-mediateljr on the death of the life tenant, not as executors, but in their own right as *387 legatees. They denied that they belonged to the estate-- refused to allow them to be hired out pending the controversy as to the mode of valuation—claimed them as their own property under the will—actually divided them between themselves as such very soon after the life tenant’s death—and so held them respectively, until they perished on their respective hands by death and the results of the war. In the face of these facts it was too late, in March 1868, for them or their personal representatives to pretend for the first time, that they held as executors, and had not accepted the legacies, when more than eight years had elapsed since they had actually divided the slaves between themselves as legatees, when nearly three years had elapsed since the close of the war, and when the slaves themselves had long since perished in their individual service'—two of them by death, and the others by the ^results of the war. Under such circumstances we think their acceptance of the legacies was final and complete.
We are of opinion, therefore, that there is no error in the decree complained of, and that the same be affirmed with costs and damages to the appellee.
Decree affirmed.

 Mason v. Jones, 26 Gratt. 271, the principal case is sustained upon the rule laid down in the first headnote.